UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAMELA CARY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19 CV 17 RWS |
| ) | |
| ALLSTATE INSURANCE COMPANY ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Pamela Cary moves to remand this case, on the basis that the amount in controversy is not met pursuant to 28 U.S.C. § 1332(a). Because the parties agree that the insurance policy in question has a per person limit of $50,000, and Cary will not seek and probably cannot obtain attorneys' fees sufficient to satisfy the amount in controversy, I will grant Cary's motion to remand.

**Background**

On December 4. 2018, Cary filed a petition in this matter in the City of St. Louis Circuit Court. (ECF No. 1-3). She seeks insurance proceeds under a policy issued by Defendant Allstate Insurance Company (the "Policy") for an accident that occurred on May 24, 2014. Allstate removed this case on January 4, 2019. In response, Cary filed an amended complaint, which prays for $50,000 in UIM

payments, and which Cary says was timely filed under 15(a)(1)(B). (ECF No. 11). Cary's counsel also signed an affidavit, stating that Cary "will neither seek nor accept a sum in excess of $75,000 in this matter," and a motion to remand. (ECF No. 9-1). The parties agree that Cary cannot recover more than $50,000.00 for her contract claim, representing the limit on her underinsured motorist policy. In a hearing before me, Cary's attorney represented that he will neither seek nor accept attorneys' fees or punitive damages that would satisfy the amount in controversy.

**Legal Standard**

I only have diversity jurisdiction if "a fact finder might legally conclude" that the amount in controversy is greater than $75,000. Kopp v. Kopp, 280 F.3d at 885. "Statutes conferring diversity jurisdiction upon the federal courts are to be strictly construed." Janzen v. Goos, 302 F.2d 421, 424 (8th Cir. 1962). When evaluating whether the amount in controversy requirement is met, I must look to the amount in controversy at the time of removal. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). ("It is the situation at the time of removal which is determinative.") "A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim . . . does not defeat federal jurisdiction acquired through removal." Id. Finally, when evaluating the amount in controversy, I may consider punitive damages and statutory attorneys' fees.

Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001), including future legal expenses. Feller v. Hartford Life & Acc. Ins. Co., 817 F. Supp. 2d 1097, 1104–08 (S.D. Iowa 2010).

**Analysis**

Because the parties agree that Cary's policy limit is $50,000 in this case, the amount in controversy can only be satisfied if statutory attorneys' fees and punitive damages total $25,001 or more. A plaintiff who successfully argues a vexatious refusal to pay claim may be awarded a reasonable attorneys' fee pursuant to § 375.420 R.S.Mo. Additionally, if Cary prevails on her vexatious refusal claim in full, she could be awarded an additional $5,150 in punitive damages.[1] Allstate has not presented any cases demonstrating that attorneys' fees in this case could total $18,851 or greater, thereby satisfying the amount in controversy. Instead, Cary's counsel has stipulated that he will not seek nor accept an attorneys' fee of that amount, (ECF No. 9-1), and has represented to me that he probably cannot obtain an attorneys' fee of that amount.

Similarly, my colleague United States District Court Judge Catherine Perry has found that a reasonable attorneys' fee for a $50,000 underinsured motorist and

---

[1] In a hearing before me, Cary's counsel asserted that her possible damages for vexatious refusal are capped at $2,500 but did not provide an authority on that point. Cary's complaint asserts that under §§ 375.296 and 375.420, she is entitled to recover penalties 20% of the $1,500 (which equals $300) and 10% of the remaining amounts due and owing (which could equal $4,850 for a total of $5,150).

vexatious refusal claim would not meet the amount in controversy. See Ashworth v. Bristol W. Ins. Co., No. 4:13 CV 1599 CDP, 2013 WL 5493420, at *2 (E.D. Mo. Oct. 1, 2013) ("Applied here, that would mean the total amount in controversy is $68,937.50 if I assume a reasonable attorney's fee of one-quarter (as suggested by defendant), or $73,533.33 if I assume a reasonable attorney's fee of one-third (as suggested by plaintiff).").

As a result, "a fact finder" cannot "legally conclude" that the amount in controversy is greater than $75,000 in this case. Kopp v. Kopp, 280 F.3d at 885.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand, [9], is **GRANTED**. All pending motions are **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2019.